■ PRINCE SEATING CORP., Respondent, v QBE INSURANCE COMPANY et al., Defendants, and CENTURY COVERAGE CORP., Appellant. [879 NYS2d 523]—

In an action, inter alia, to recover damages for breach of contract, the defendant Century Coverage Corp. appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 2, 2008, as denied its cross motion pursuant to CPLR 3211 to dismiss the second amended complaint insofar as asserted against it for failure to state a cause of action and as barred by the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the second amended complaint, the plaintiff, Prince Seating Corp. (hereinafter Prince), alleged that it had an agreement with the defendant Century Coverage Corp. (hereinafter Century), an insurance broker, whereby Prince would notify Century of any claims brought against it, and Century, in turn, would pass along those claims to its principal and Prince's insurer, the defendant QBE Insurance Company (hereinafter QBE). Prince alleges that Century breached this agreement by

failing to pass along to QBE a particular claim brought against Prince in Virginia. As a result, QBE denied a defense and indemnification to Prince on the ground that it failed to provide timely notice of the claim. Without a defense, Prince defaulted in the Virginia action, resulting in a $1.4 million judgment against it.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). The second amended complaint pleaded the existence of an agreement which was breached, and therefore, stated a cause of action sounding in breach of contract. Further, the cause of action to recover damages for breach of contract was not time-barred (*see* CPLR 213 [2]).

The parties' remaining contentions are without merit. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur. [*See* 2008 NY Slip Op 31317(U).]